IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN WILLIAM MUNSON,
# 251830,

    Plaintiff,

vs.                                          Case No. 4:21cv351-MW-MAF

WALT MCNEILL, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, has filed a second amended civil rights complaint, ECF No. 13, and a notice of change of address, ECF No. 14, which reveals he has been transferred to the Florida State Hospital. As Plaintiff was a "prisoner" as defined by 28 U.S.C. § 1915(h) at the time of case initiation and has been granted in forma pauperis status, ECF No. 9, second amended complaint has been reviewed as required by 28 U.S.C. § 1915A.

    Plaintiff's second amended complaint includes an entirely new list of Defendants. When this case was initiated, the complaint named only Sheriff Walt McNeil as the Defendant. ECF No. 1. Plaintiff's amended

complaint changed the named Defendant to Lt. J. Stokes.[1] ECF No. 7. Now, Plaintiff's second amended complaint has returned to naming Sheriff McNeil as a Defendant, ECF No. 13 at 1, but Plaintiff also names Dr. Hollowman, Corizon Health, and Leon County as Defendants. *Id.* at 1-4.

The primary deficiency of the complaint is that Plaintiff provides a litany of issues and problems, but he provides no facts which demonstrate any connection between those issues and <u>any</u> named Defendant. A case cannot proceed against a Defendant unless Plaintiff provides a clear statement of facts which show what the Defendant did, or failed to do, that Plaintiff believes is unconstitutional. Plaintiff must state how a Defendant caused him harm, and he must identify the harm. There are no facts in this version of his complaint which state a claim against any named Defendant.

Plaintiff has previously been advised that his amended complaint, ECF No. 7, was insufficient "because he ha[d] not alleged any actions of Defendant Stokes." ECF No. 10 at 2. Plaintiff include a variety of claims and issues, but he did not explain whether Defendant Stokes was

---

[1] After an Order was entered directing Plaintiff to file a second amended complaint, Plaintiff filed a response to that order stating that he "does not know whom that person is." ECF No. 12 at 2.

"responsible for Plaintiff's arrest, for the use of excessive force, or for the denial of medical care." *Id.* Plaintiff's second amended complaint suffers from the same deficiency. In light thereof, it does not appear that providing Plaintiff with another opportunity to submit a third amended complaint would be beneficial. Plaintiff has continued to submit a "shotgun pleading;" his second amended complaint asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015). A shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323. Because Plaintiff's second amended complaint is a shotgun pleading, it fails to state a claim. Furthermore, because Plaintiff has already been advised of the deficiencies of his complaints but has not corrected them, it appears, at this point, that Plaintiff is unable to comply with Court orders and submit a viable complaint. Thus, it is recommended that this case be dismissed for failure to state a claim upon which relief can be granted.

## **RECOMMENDED**

It is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 13, be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on October 7, 2021.


 s/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


### **NOTICE TO THE PARTIES**
**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:21cv351-MW-MAF